**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
WESTERN DIVISION**

**ZANDER E. STAGER,**

> **Plaintiff,**

**vs.**                                                         **Case No. 1:23-CV-120**

**JEREMY HANSHAW**
**(Individually & in his professional capacity**          **JURY TRIAL DEMANDED**
**as a Lawrence County Deputy Sheriff)**

> **and,**

**JEFF LAWLESS,**
**(Individually & in his professional capacity**
**as the Sheriff of Lawrence County, Ohio)**

> **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff Zander Stager, by and through counsel, and alleges as follows for his causes of action against the Defendants:

## PRELIMINARY STATEMENT

1.      This is a civil rights action for money damages for injuries sustained by Plaintiff Zander Stager as a result of the violation of Mr. Stager's constitutional and common law rights by Defendant Deputy Jeremy Hanshaw, who was working as a Lawrence County Sheriff's Officer at the time of the incident.

2.      On February 28, 2022, Mr. Stager was first assaulted and then arrested for obstructing official business under Ohio Rev. Code § 2921.31, *et seq*. by Deputy Hanshaw.

3.      Mr. Stager brings this action under 42 U.S.C. §§ 1983 ("section 1983") and 1988 to redress the deprivation under color of state law his rights secured by the United States

1

Constitution.  More specifically, this Complaint seeks to redress violations of right to be free from unreasonable searches and seizures and from the use of excessive force under the protection of the Fourth Amendment to the United States Constitution as applied to states via the Fourteenth Amendment.  Mr. Stager also asserts Section 1983 Claims against Defendant Lawless in his capacity as the Lawrence County, Ohio Sheriff for failure to properly hire, train, and supervise law enforcement and for promulgating customs, policies, and practices, which proximately caused the violation of Mr. Stager's constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658 (1978).  Mr. Stager also asserts pendant state law claims as set forth below.

### JURISDICTION AND VENUE

4.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as certain claims asserted herein arise under the Constitution and law of the United States, to wit, the First, Fourth, and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6.      This Court also has supplemental jurisdiction over state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because substantially all of the events that give rise to the claims in this action occurred in Lawrence County, Ohio and said county is situated within the bounds of this Court's geographic area of responsibility.

### THE PARTIES

8.      Plaintiff Zander Stager (hereinafter "Mr. Stager") is a citizen and resident of the State of Ohio.

2

9.      Defendant Jeremy Hanshaw is, and was at all times relevant herein, a law enforcement officer employed by Lawrence County, Ohio as a deputy with the Lawrence County, Ohio Sheriff's Office, who was acting under color of law within the course and scope and in furtherance of his employment.  Defendant Hanshaw is a "person" under 42 U.S.C. § 1983. Defendant Hanshaw is sued herein in his individual and official capacities.

10.     Defendant Jeff Lawless is, and was at all relevant times herein, the Sheriff of Lawrence County, Ohio.  As the duly elected Sheriff of Lawrence County, Lawless was acting under color of law within the course and scope and in furtherance of his employment.  Defendant Lawless is a "person" under 42 U.S.C. § 1983.  Defendant Lawless is sued herein in his individual and official capacities.

**FACTUAL ALLEGATIONS**

11.     On February 28, 2022, Mr. Stager was in his vehicle located on the streets of Ironton, Ohio.

12.     At approximately 9:30 A.M. that day, Deputy Hanshaw found Mr. Stager asleep in the driver's seat of Mr. Stager's vehicle.

13.     When Mr. Stager did not answer Deputy Hanshaw's inquiries fast enough, Deputy Hanshaw opened Mr. Stager's door and began to assault Mr. Stager.

14.     Deputy Hanshaw utilized a number of unnecessary and dangerous physical maneuvers against Mr. Stager, including, a pressure point under Mr. Stager's jaw line and joint manipulation to place Mr. Stager into handcuffs.

15.     Mr. Stager was eventually taken to the Lawrence County Jail by officers with Ironton (OH) Police Department.

16. Deputy Hanshaw charged Mr. Stager with Obstructing Official Business on February 28, 2022.

17. On March 1, 2022, Deputy Hanshaw filed a subsequent criminal complaint against Mr. Stager charging him with Resisting Arrest in violation of the Ohio Revised Code.

18. The matter proceeded to the Ironton (OH) Municipal Court where it was resolved by the prosecutor's entry of a *nolle prosequi*.

**<u>Count I</u>**
**(42 U.S.C. § 1983 Against Defendant Hanshaw for Excessive Force in Violation of the Fourth and/or Fourteenth Amendments)**

19. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

20. As set forth above, Defendant Hanshaw, acting under color of law and within the scope of his employment as a law enforcement officer with the Lawrence County Sheriff's Office on February 28, 2022 used unnecessary, unreasonable, outrageous, and excessive force on Mr. Stager in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

21. Defendant Hanshaw's use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

22. Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Mr. Stager's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and/or his clearly established Fourteenth

4

Amendment liberty interest in bodily integrity protected by the substantive component of the due process clause and that the activity engaged in "shocks the conscience."

23.     Defendant Hanshaw callously and recklessly disregarded Mr. Stager's federally protected rights.

24.     As a direct and proximate result of Defendant Hanshaw's uses of force in violation of Mr. Stager's clearly established Fourth and/or Fourteenth Amendment rights, Mr. Stager was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**Count II**
**(42 U.S.C. § 1983 Against Defendant Hanshaw for Unlawful Arrest and Seizure in Violation of the Fourth and/or Fourteenth Amendments)**

25.     Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

26.     As described more fully above, all of the Defendants, while acting individually, jointly, and under color of law and within the scope of their employment, caused Mr. Stager to be unlawfully arrested in violation of his constitutional rights.

27.     Under the Fourth and Fourteenth Amendments of the United States Constitution, States shall ensure that citizens are free from unreasonable search and seizure. U.S. Const. amend. IV.

28.     All Defendants have deprived Mr. Stager of the right to be free from unreasonable search and seizure by arresting him for obstructing official business.

29.     Deputy Hanshaw did not have probable cause to arrest Mr. Stager for obstructing official business under the Ohio Revised Code.

30. As a result of this violation, Mr. Stager was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

### Count III
**(42 U.S.C. § 1983 Against Defendant Hanshaw for
False Imprisonment in Violation of the Fourth and/or Fourteenth Amendments)**

31. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

32. As described more fully above, all of the Defendants, while acting individually, jointly, and under color of law and within the scope of their employment, caused Mr. Stager to be falsely imprisoned in violation of his constitutional rights.

33. Under Ohio law, false imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short.

34. All Defendants have deprived Plaintiff of the right to be free from false imprisonment by arresting him for obstructing official business without the proper authority to do so.

35. Deputy Hanshaw did not have probable cause to arrest Mr. Stager for obstructing official business under the Ohio Revised Code.

36. As a result of this violation, Mr. Stager was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**Count IV**
**(State Law Claim Against Defendant Hanshaw for**
**False Imprisonment)**

37.     Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

38.     As described more fully above, all of the Defendants, while acting individually, jointly, and under color of law and within the scope of their employment, caused Mr. Stager to be falsely imprisoned in violation of his constitutional rights.

39.     Under Ohio law, false imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short.

40.     All Defendants have deprived Plaintiff of the right to be free from false imprisonment by arresting him for obstructing official business charge.

41.     Deputy Hanshaw did not have sufficient reason to arrest Mr. Stager for obstructing official business under the Ohio Revised Code.

42.     As a result of this violation, Mr. Stager was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**Count V**
**(42 U.S.C. § 1983 Against Defendant Lawless for Failure to Hire, Train, and**
**Supervise, and for Customs, Policies, and Practices Causing Violations of the Fourth**
**Amendment)**

43.     Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

44.     Defendant Lawless, as the Sheriff of Lawrence County, Ohio, failed to properly screen potential deputy candidates through the background review process.

7

45. Upon information and belief Defendant Lawless failed to adequately train and/or supervise Defendant Hanshaw.

46. Defendant Hanshaw previously had criminal charges filed against him in the United States District Court for the Southern District of Ohio for felonious assault of an inmate at the Lawrence County Jail in 2014.

47. That matter was also the subject of a civil action in 2015.

48. Upon information and belief, there have been other instances of complaints made to Defendant Lawless and/or the Lawrence County Sheriff's Office concerning Deputy Hanshaw's excessive use of force.

49. Defendant Lawless negligently retained and continues to employ Defendant Hanshaw despite these complaints.

50. Upon information and belief, Defendant Lawless, as the Sheriff of Lawrence County, implemented customs and policies for training and supervision of Lawrence County Deputies on searches and seizures, that, on their face, violate the Fourth Amendment. Alternatively, upon information and belief, Defendant Lawless implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting, visiting, or otherwise within the jurisdictional limits of Lawrence County, including Mr. Stager.

51. As a direct and proximate result of the customs, policies, and practices described herein and permitted by Defendant Lawless, which violate the Fourth Amendment on their face, or otherwise are applied in a manner such that Fourth Amendment violations are likely to occur, Mr. Stager was forced to endure and suffer, and continues to endure and suffer extreme physical, mental, and emotional pain and suffering and pecuniary loss.

8

## Count VI
**(State Law Claim for Assault and Battery Against Defendant Hanshaw)**

52.     Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

53.     On February 28, 2022, Defendant Hanshaw threatened bodily harm against Mr. Stager by forcefully grabbing Mr. Stager without authority or reason to do so, which caused Mr. Stager to be in fear of imminent bodily harm.

54.     On February 28, 2022, Defendant Hanshaw has apparent authority and ability to carry out bodily harm and, in fact did, intentionally and without permission or warning, touch and injure Mr. Stager.

55.     At all times relevant herein, Defendant Hanshaw was acting within the course, scope, and in furtherance of his employment with the Lawrence County Sheriff's Office.  His actions were ratified and adopted by Defendant Lawless, rendering Defendant Lawless vicariously liable for his conduct.

56.     Defendant Hanshaw battered Mr. Stager with malicious purpose, in bad faith, and in a reckless or wanton manner.

57.     As a direct and proximate result of being battered by Defendant Hanshaw, Mr. Stager was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

## Count VII
**(State Law Claim Against Defendant Hanshaw and Defendant Lawless for Intentional Infliction of Emotional Distress)**

58.     Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

9

59.     The acts and conduct of the Defendants as set forth above is extreme and outrageous.  Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

60.     Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff, and thereby constituted intentional infliction of emotional distress.

61.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

62.     As a direct and proximate result of Defendants' wrongful acts, Mr. Stager suffered damages, including, but not limited to, severe emotional distress and anguish, as is more fully alleged above.

### Count VIII
### (42 U.S.C. § 1983 Against Defendant Hamlin and Defendant Lawless for Malicious Prosecution)

63. Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

64.     On February 28, 2022, Defendant Hanshaw filed a criminal complaint against Mr. Stager without proper right or authority to do so.

65.     His acts constituted a malicious prosecution as the case was eventually dismissed by the Lawrence County, Ohio Prosecuting Attorney.

66.     The case terminated in Mr. Stager's favor.

67.     The filing of the case against Mr. Stager constitutes a violation of his civil rights, specifically the right to be free from unwarranted prosecution.

68.     Mr. Stager suffered damages, including, but not limited to, embarrassment and mental anguish at having criminal charges filed against him.

10

WHEREFORE, Plaintiff Zander Stager, prays for judgment against Defendants Hanshaw, Lawless, and Lawrence County, jointly and severally, for:

a.  Compensatory damages in an amount that will fully and fairly compensate Plaintiff Zander Stager for his injuries, damage, and loss;

b.  Punitive damages against Defendants in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.  Costs of suit and reasonable attorneys' fees; and

d.  All such other relief to which Plaintiff Zander Stager is entitled and/or the Court deems necessary and just.

Tyler C. Haslam (Ohio Bar No. 0086861)
**HASLAM LAW FIRM LLC**
314 Ninth Street, Ste. 100
Huntington, WV 25701
T:  (304) 948-8529
F:  (304) 948-8282
tyler@haslamlawfirm.com

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Tyler C. Haslam (Ohio Bar No. 0086861)
**HASLAM LAW FIRM LLC**
314 Ninth Street, Ste. 100
Huntington, WV 25701
T:  (304) 948-8529
F:  (304) 948-8282
tyler@haslamlawfirm.com